UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHEL A. COOPER | * | CIVIL ACTION NO. _____ |
| | * | |
| | * | JUDGE _____ |
| VS. | * | |
| | * | MAGISTRATE _____ |
| | * | |
| GALLIANO MARINE SERVICE, L.L.C., | * | |
| OFFSHORE SERVICE VESSELS, L.L.C., | * | |
| and NAUTICAL SOLUTIONS, L.L.C. | * | |
| | * | |

************************************************************************

## COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.

NOW INTO COURT, through undersigned counsel comes Plaintiff, MICHEL A. COOPER, who files his Complaint against Defendants, GALLIANO MARINE SERVICE, L.L.C., OFFSHORE SERVICE VESSELS, L.L.C., and NAUTICAL SOLUTIONS, L.L.C., and, in support thereof, would show unto the Court the following:

### PARTIES

1.

Named Plaintiff herein is MICHEL A. COOPER, a person of majority age, and residing in Marrero, Louisiana.

2.

First Named Defendant herein is GALLIANO MARINE SERVICE, L.L.C., a domestic corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

1

3.

Second Named Defendant herein is OFFSHORE SERVICE VESSELS, L.L.C., a domestic corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

4.

Third Named Defendant herein is NAUTICAL SOLUTIONS, L.L.C., a domestic corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

## JURISDICTION AND VENUE

5.

This Honorable Court has jurisdiction over this matter pursuant to the Jones Act, 46 U.S.C. §30104 et seq., and the General Maritime Law of the United States. Venue is proper in accordance with 28 U.S.C. § 1391 (b)(1).

## FACTS

6.

Plaintiff, MICHEL A. COOPER, would show that this lawsuit has become necessary as a result of occupational injuries he sustained on or about May 8, 2020 and in a subsequent aggravation of his injuries on or about June 24, 2020. .

7.

On or about May 8, 2020, Plaintiff, MICHEL A. COOPER, was employed by Defendant, GALLIANO MARINE SERVICE, L.L.C., and/or Defendant, OFFSHORE SERVICE VESSELS, L.L.C., as a seaman and member of the crew of the M/V BLUE DOLPHIN, an offshore supply vessel.  On or about May 8, 2020, the M/V BLUE DOLPHIN was a vessel in

2

navigable waters off the coast of Louisiana. The M/V BLUE DOLPHIN was owned by Defendant, NAUTICAL SOLUTIONS, L.L.C., and said vessel was further manned, provisioned, operated, and/or controlled by Defendant, GALLIANO MARINE SERVICE, L.L.C., and/or OFFSHORE SERVICE VESSELS, L.L.C. On or about May 8, 2020, employees and/or agents of Defendants, NAUTICAL SOLUTIONS, L.L.C., GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., negligently caused Plaintiff to sustain injuries in the course and scope of his employment as an A/B aboard the M/V BLUE DOLPHIN.

8.

In connection with his assignment aboard the M/V BLUE DOLPHIN, Plaintiff, MICHEL A. COOPER, sustained serious and debilitating injuries to his back, among other parts of his body, on or about May 8, 2020 when he slipped and fell on a slippery, wet floor in the galley. No sign had been posted to warn crewmembers of the wet floor, which had been recently mopped by the vessel's cook. Plaintiff, MICHEL A. COOPER, fell on his back and promptly reported his injury. Despite his back injury and continued symptoms, Defendants, NAUTICAL SOLUTIONS, L.L.C., GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., failed to provide prompt and adequate medical attention to the Plaintiff.

9.

On or about June 24, 2020, Plaintiff, MICHEL A. COOPER, was employed by Defendant, GALLIANO MARINE SERVICE, L.L.C., and/or Defendant, OFFSHORE SERVICE VESSELS, L.L.C., as a seaman and member of the crew of the M/V BLUE ORCA, a freight vessel. On or about June 24, 2020, the M/V BLUE ORCA was a vessel in navigable waters and docked in Port Fourchon, Louisiana. The M/V BLUE ORCA was owned, manned, provisioned, operated, and/or controlled by Defendant, GALLIANO MARINE SERVICE,

L.L.C., and/or OFFSHORE SERVICE VESSELS, L.L.C. On or about June 24, 2020, employees and/or agents of Defendants, GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., negligently caused Plaintiff to sustain injuries in the course and scope of his employment as an A/B aboard the M/V BLUE ORCA.

10.

In connection with his assignment aboard the M/V BLUE ORCA, Plaintiff, MICHEL A. COOPER, had been ordered to return to work despite his previous back injury on or about May 8, 2020 without any accommodation or physical duty restriction.  On or about June 24, 2020, Plaintiff was ordered to catch several lines for the M/V BLUE ORCA by himself and without any assistance.  He worked for approximately two hours to tie the boat to the dock.  Plaintiff reported his ongoing, severe back pain to the vessel's captain and mate, who were also aware of his previous back injury on or about May 8, 2020.  Approximately twenty-four hours later, Plaintiff was ordered to move the vessel's lines again by himself despite his persistent back pain. Despite his back injury and continued symptoms, Defendants, GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., failed to provide prompt and adequate medical attention to the Plaintiff and failed to relieve Plaintiff of his duties or provide assistance.

11.

To the extent that Plaintiff had any pre-existing injuries or medical condition(s) at the time of the occurrence in question, the same was not disabling, and he would respectfully show that such pre-existing condition, if any, was aggravated by the incident made the basis of this suit to such an extent that it became disabling, bringing about the necessity of medical treatment.

## CAUSE OF ACTION FOR NEGLIGENCE UNDER THE JONES ACT

12.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

13.

Plaintiff brings this cause of action against Defendant, GALLIANO MARINE SERVICE, L.L.C., pursuant to the Jones Act, 46 USC §30104, et seq.

14.

On or about May 8, 2020, Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., employed Plaintiff as a crewmember aboard the M/V BLUE DOLPHIN.  At all relevant times, it was feasible for said Defendants to provide to Plaintiff, MICHEL A. COOPER, and Defendants owed to Plaintiff, duties of care to provide, inter alia, a safe place to work.   Plaintiff further contends that on the occasion in question, Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., acting through their officers, agents, servants and/or employees, were careless and negligent in breach of the duty owed to their employee, Plaintiff, MICHEL A. COOPER. Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C.., were careless and negligent in the following respects:

   a.  In failing to provide a safe work environment;
   b.  In failing to implement and enforce safe policies and practices for maintaining clear and dry walking spaces;
   c.  In leaving liquids on a walking surface in the galley;
   d.  In failing to warn Plaintiff that the galley floor was set;
   e.  In being careless and reckless in cleaning the vessel's galley and walking surfaces;
   f.  In failing to provide prompt and adequate medical attention to Plaintiff; and,
   g.  Other acts of negligence as proven at time of trial.

15.

On or about May 8, 2020, and as a direct and proximate result of the negligent acts of Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., Plaintiff developed severe and debilitating injuries to his back.  Said occurrence and injuries occurred as a result of the negligence of Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., their agents, servants, and/or employees, acting in the course and scope of their employment or agency.

16.

On or about June 24, 2020, Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., employed Plaintiff as a crewmember aboard the M/V BLUE ORCA.  At all relevant times, it was feasible for said Defendants to provide to Plaintiff, MICHEL A. COOPER, and Defendants owed to Plaintiff, duties of care to provide, inter alia, a safe place to work.   Plaintiff further contends that on the occasion in question, Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., acting through their officers, agents, servants and/or employees, were careless and negligent in breach of the duty owed to their employee, Plaintiff, MICHEL A. COOPER. Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C.., were careless and negligent in the following respects:

    h.  In failing to provide a safe work environment;
    i.  In failing to implement and enforce safe policies and practices for tying up the vessel at dock;
    j.  In failing to provide prompt and adequate medical attention to Plaintiff;
    k.  In failing to provide accommodation or relief from duties to Plaintiff despite being aware of his previous back injury;
    l.  In failing to provide assistance to Plaintiff in handling the vessel's lines; and,
    m.  Other acts of negligence as proven at time of trial.

6

17.

On or about June 24, 2020, and as a direct and proximate result of the negligent acts of Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., Plaintiff suffered an aggravation of his back injury.  Said occurrence and injury occurred as a result of the negligence of Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., their agents, servants, and/or employees, acting in the course and scope of their employment or agency.

**AND FOR A SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS**

18.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

19.

Plaintiff brings this cause of action against Defendants as set forth herein pursuant to the General Maritime Law of the United States of America.

20.

On or about May 8, 2020, Defendants, NAUTICAL SOLUTIONS, L.L.C., GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., owned, operated, manned, and/or controlled the M/V BLUE DOLPHIN.  At all relevant times, Defendants, NAUTICAL SOLUTIONS, L.L.C., GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., owed a duty to furnish a vessel that was seaworthy in all respects and reasonably safe equipment and gear.

21.

On or about May 8, 2020, dangerous and unseaworthy conditions existed aboard the M/V BLUE DOLPHIN.  Plaintiff, MICHEL A. COOPER, thus, was caused to sustain severe injuries. Defendants, NAUTICAL SOLUTIONS, L.L.C., GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., failed to take reasonable and necessary steps to ensure the safety of the vessel's crew. On or about May 8, 2020, Defendants, NAUTICAL SOLUTIONS, L.L.C., GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C, were careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

    a.  The vessel had an incompetent Master, pilot, and/or crew;
    b.  The walkways in the vessel's galley were wet and slippery;
    c.  The area in question did not have a posted warning sign; and,
    d.  Other unseaworthy conditions as proven at the time of trial.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendants, NAUTICAL SOLUTIONS, L.L.C., GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., are liable to the Plaintiff in damages.

22.

On or about June 24, 2020, Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., owned, operated, manned, and/or controlled the M/V BLUE ORCA.  At all relevant times, Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., owed a duty to furnish a vessel that was seaworthy in all respects and reasonably safe equipment and gear.

23.

On or about June 24, 2020, dangerous and unseaworthy conditions existed aboard the M/V BLUE ORCA.  Plaintiff, MICHEL A. COOPER, thus, was caused to sustain severe injuries. Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., failed to take reasonable and necessary steps to ensure the safety of the vessel's crew. On or about June 24, 2020, Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C, were careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

e.  The vessel had an incompetent Master, pilot, and/or crew;
f.  The vessel was under-manned and lacked an adequate number of crewmembers to perform the tasks at hand;
g.  The vessel's lines were not in safe, working condition; and,
h.  Other unseaworthy conditions as proven at the time of trial.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., are liable to the Plaintiff in damages.

**AND FOR A THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE**

24.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

25.

Plaintiff brings this cause of action against Defendants, GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., pursuant to the General Maritime Law of the United States of America.

9

26.

As an employee and seaman of Defendants, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., Plaintiff, MICHEL A. COOPER, is entitled under the General Maritime Law to the payment of maintenance and cure until his reaching of maximum medical cure.  As of the drafting of this Complaint, Defendants, GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., have failed to pay adequate maintenance and cure after being so advised of the needs of Plaintiff.

27.

On or about May 8, 2020, and on other dates thereafter, and ever since, Defendants, GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., have wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant(s) owes to Plaintiff.  Plaintiff further alleges that it was, and still is, the duty of Defendant, GALLIANO MARINE SERVICE, L.L.C. and/or OFFSHORE SERVICE VESSELS, L.L.C., as his employer to furnish him with maintenance and cure and loss of wages.  Plaintiff further alleges that Defendants, Defendants, GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., have unreasonably, arbitrarily, willfully and capriciously refused to promptly pay full maintenance and cure benefits to him, and such sums were due and owing.  As a result of Defendants' unreasonably failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

28.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action

that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

29.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, GALLIANO MARINE SERVICE, L.L.C. and OFFSHORE SERVICE VESSELS, L.L.C., are liable to Plaintiff:

   a. Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;
   b. Physical and emotional injury, pain and suffering;
   c. Prolongation and or aggravation of injuries;
   d. Indebtedness for health care expenses;
   e. Indebtedness for daily living expenses;
   f. Prejudgment interest; and,
   g. Attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## DAMAGES

30.

As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date.  Plaintiff is informed and believes and

alleges that, in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

31.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendants, GALLIANO MARINE SERVICE, L.L.C., OFFSHORE SERVICE VESSELS, L.L.C., and NAUTICAL SOLUTIONS, L.L.C.., are jointly and severally liable to Plaintiff:

a. Reasonable and necessary medical expenses in the past and in the future;
b. Physical pain and suffering in the past and in the future;
c. Mental anguish in the past and in the future;
d. Loss of earning capacity in the past and in the future;
e. Physical disfigurement in the past and in the future; and,
f. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## **JURY DEMAND**

32.

Plaintiff hereby requests a trial by jury on all issues raised herein.

## **PRAYER**

33.

WHEREFORE, after due proceedings had, Plaintiff, MICHEL A. COOPER, prays that Defendants, GALLIANO MARINE SERVICE, L.L.C., OFFSHORE SERVICE VESSELS, L.L.C., and NAUTICAL SOLUTIONS, L.L.C., be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendants, GALLIANO MARINE SERVICE, L.L.C., OFFSHORE SERVICE VESSELS, L.L.C., and NAUTICAL SOLUTIONS, L.L.C., jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff must show himself justly entitled.

Respectfully submitted,

DELISE & HALL


          /s/Jeannette M. Delise
Jeannette M. Delise
Louisiana Bar No. 38187
Bobby J. Delise
Louisiana Bar No. 4847
5190 Canal Blvd., Suite 103
New Orleans, Louisiana 70124
Telephone: (504) 836-8000
Fax: (504) 836-8020
bdelise@dahlaw.com
jdeliselaw@gmail.com

Alton J. Hall, Jr.
Louisiana Bar No. 20846
528 W. 21st Avenue
Covington, LA 70433
Telephone: (985) 249-5915
Fax: (985) 809-5787

-AND-

SCHECHTER, MCELWEE, SHAFFER, &
HARRIS, L.L.P.

LAURA B. DE LA CRUZ
Louisiana Bar No. 37966
Texas Bar Number: 24095300
MATTHEW D. SHAFFER*
Texas Bar No. 18085600
3200 Travis, 3rd Floor
Houston, Texas 77006
Tel: (713) 524-3500
Facsimile: (866) 696-5610
Ldelacruz@smslegal.com
Mshaffer@smslegal.com
*Attorney seeking admission pro hac vice

**Counsel for Plaintiff,**
**MICHEL A. COOPER**

14

**PLEASE SERVE:**

**GALLIANO MARINE SERVICE, L.L.C.**
Through its registered agent:
Dionne Chouest Austin
16201 East Main Street
Cut Off, Louisiana 70345

**OFFSHORE SERVICE VESSELS, L.L.C.**
Through its registered agent:
Dionne Chouest Austin
16201 East Main Street
Cut Off, Louisiana 70345

**NAUTICAL SOLUTIONS, L.L.C.**
Through its registered agent:
Dionne Chouest Austin
16201 East Main Street
Cut Off, Louisiana 70345